# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 NOV 20 PM 3: 01

CLERK *L. Jelesden*
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

CASIANO BARAONA ESTUPINAN,      )
                                )
            Petitioner,         )
                                )
    v.                          )      CV 307-069
                                )
MICHAEL V. PUGH, Warden,        )
                                )
            Respondent.         )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, filed the current action under 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.[1]

### I. BACKGROUND

Petitioner plead guilty in the Middle District of Florida to Possession with Intent to Distribute Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States and Conspiracy to Possess with the Intent to Distribute Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States. (Doc. no. 1, p. 10). On March 7, 2005, Petitioner was sentenced to 135 months of imprisonment, to be followed by five (5) years

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

of supervised release, and judgment was entered on March 8, 2005. (Id.). Petitioner appealed, on March 10, 2005, to the Eleventh Circuit, which affirmed his sentence on November 23, 2005. (Id.). Petitioner submits that he has never filed a motion pursuant to 28 U.S.C. § 2255. (Id. at 7). Petitioner argues that he was a minor participant in the events leading to his guilty plea, and therefore, he qualified for a mitigating role adjustment to his sentence. (See id. at 11). The Court resolves the matter as follows.

## II. DISCUSSION

Although this case was commenced pursuant to 28 U.S.C. § 2241, the Court must consider the availability of habeas relief under the circumstances of this case. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6.

In the instant case, Petitioner has attempted to circumvent the one-year period of limitation by filing a petition pursuant to § 2241.[2] However, the language of 28 U.S.C. § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

---

[2]Petitioner commenced the above-captioned action on October 19, 2007, almost two years after the date his sentence was affirmed by the Eleventh Circuit.

Id. ¶ 5 (emphasis added).  The emphasized language is often referred to as the "savings clause."  However, the circumstances under which a federal prisoner may invoke the so-called savings clause of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restriction on filing a motion within the one-year period of limitations.  Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier").  In other words, the mere fact that relief under § 2255 is time-barred is not alone sufficient to make § 2241 an available remedy.  Bridges v. Vasquez, 151 F. Supp. 2d 1353, 1360 (N.D. Fla. 2001); Nguyen v. Wiley, 151 Fed. Appx. 757, 759 (11th Cir. 2005) (affirming dismissal of § 2241 petition where the petitioner failed to show that § 2255 was inadequate or ineffective and noting that the petitioner had the opportunity to raise his claims in a timely § 2255 motion, but failed to do so within the time period); see also Coloma v. Holder, 445 F.3d 1282, 1285 n.4 (11th Cir. 2006) (per curiam) (explaining that, as a procedural matter, the court could not reexamine the petitioner's sentence because he elected relief under 28 U.S.C. § 2241 instead of § 2255 and that, even if the court treated his § 2241 petition as a § 2255 petition, review of his sentence was prohibited because a § 2255 petition would be untimely).  Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244).  "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited."

3

Darby, 405 F.3d at 945 (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted." Wofford, 177 F.3d at n.3.

Here, it does not appear that Petitioner has applied for relief to the United States District Court for the Middle District of Florida, which is the court that sentenced him. Furthermore, Petitioner makes no attempt to argue that he satisfies the Eleventh Circuit's three-pronged test.[3] Lastly, assuming Petitioner were allowed to proceed under § 2241, Petitioner makes no attempt to establish his actual innocence. Rather, Petitioner argues that he was merely a minor participant, and thus, he qualified for a mitigating role adjustment. Consequently, the instant petition should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 20th day of November, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]To that end, the "Form to be Used by Prisoners Filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" requires that petitioners explain "why your remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of detention." (Doc. no. 1, p. 7). In response, Petitioner merely states, "[Petitioner] has not filed a 2255, in fact [P]etitioner has nerver [sic] filed any post conviction motion . . . . Therefore[,] the great writ is the effective way to test the legality of his detention." (Id.). Nevertheless, upon review of the above-captioned petition, the Court finds no reason to suppose that Petitioner is entitled to proceed under § 2241.